IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE (PREVIOUSLY SHELBY) DIVISION

CRIMINAL CASE NO. 4:94cr44-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ELLANCER ALLEN McGRADY. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion pursuant to 18 U.S.C. §3582(c)(2) Requesting Sentence Reduction for Crack Cocaine Offenses, Relevant to Retroactive Amendment 706 [Doc. 646].

On June 30, 2009, Hon. Lacy H. Thornburg *sua sponte* reduced the Defendant's sentence of life imprisonment for Count One to a sentence of 360 months based on the Crack Cocaine Guideline Amendment, Amendment 706. [Doc. 642]. The Court found after application of the two level reduction in offense level that the Defendant's offense level was 42, criminal history category II resulting in a guideline range of 360 months to life imprisonment. [Id.]. The Defendant did not appeal that Order reducing his sentence. As a result, it became the law of the case. United States v. Victores, 2010 WL

1

4455126 (11th Cir. 2010), citing United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).

More than a year later, the Defendant moved for a further reduction pursuant to 18 U.S.C. §3582(c)(2) based on the same amendment. He claims the Court should have reduced his offense level to 41 instead of 42.[1] Even if the Defendant were correct, he would not be entitled to relief because the guideline range for offense level 41, criminal history category II is 360 months to life imprisonment, just as found by Judge Thornburg in his prior order.

The Defendant also argues that the Court may now further consider the sentencing factors of 18 U.S.C. 3553(a) and that the disparity in powder versus crack cocaine warrants additional relief. As a result, he urges the Court to reduce his offense level by a further two levels. "However, a motion under §3582(c)(2) 'is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence.'" United States v. Wilson, 2010 WL 4386740 (5th Cir. 2010), quoting United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995); United States v. Freeman, 2010 WL 4272919 (5th Cir. 2010) (in ruling on crack cocaine guideline motion for reduction pursuant to §3582(c)(2), district courts

---

[1] At the time the Defendant was originally sentenced, the base offense level was 44.

may not deviate downwardly from the resulting offense level), *citing* United States v. Doublin, 572 F.3d 235, 236 (5th Cir. 2009), *certiorari denied* 130 S.Ct. 517. 175 L.Ed.2d 366 (2009).

Moreover, this Court is "'bound by findings of fact and conclusions of law' previously made in [this] case unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to [the] issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" Victores, *quoting* United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996), *certiorari denied* 519 U.S. 1137, 117 S.Ct. 1007, 136 L.Ed.2d 885 (1997). None of these situations applies to this case and the Court is bound by the previous decision. United States v. Curry, 2010 WL 4259388 (7th Cir. 2010), *citing* United States v. Boyd, 591 F.3d 953, 956 (7th Cir. 2010). Even if this motion were construed as a motion to reconsider the previous ruling, this Court may not grant relief. United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010), *certiorari denied* 130 S.Ct. 3530, 78 USLW 3763 (2010) (second motion pursuant to §3582(c) based on same guideline amendment may not be granted even if considered motion to reconsider); *accord*, United States v. Mann, 373 Fed.Appx. 350 (4th Cir. 2010).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion pursuant to 18 U.S.C. §3582(c)(2) Requesting Sentence Reduction for Crack Cocaine Offenses, Relevant to Retroactive Amendment 706 [Doc. 646] is hereby **DENIED**.

Signed: November 20, 2010

Martin Reidinger
United States District Judge